IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 04-cv-01828-REB-CBS

PUBLIC SERVICE COMPANY OF COLORADO,
    Plaintiff,
v.

THE BOARD OF COUNTY COMMISSIONER OF SAN MIGUEL COUNTY, STATE OF COLORADO,
SAN MIGUEL COUNTY COMMISSIONERS,
ELAINE FISCHER, ART GOODTIMES and VERNON EBERT, in their official capacities,
THE SAN MIGUEL COUNTY PLANNING DEPARTMENT, STATE OF COLORADO,
MICHAEL ROZYCKI, San Miguel County Planning Director, in his official capacity, and
PATHFINDER DEVELOPMENT, INC.,
    Defendants.

---

ORDER OF UNITED STATES MAGISTRATE JUDGE

---

Magistrate Judge Craig B. Shaffer

    The matter before the court is Willard F. Janke's ("Janke") Renewed Motion to Intervene [#93], filed August 16, 2005. Plaintiff and Defendants filed their Joint Response to Renewed Motion to Intervene [#95] on September 6, 2005. A Memorandum [#94], filed August 18, 2005, referred this matter to the Magistrate Judge for determination. The court has reviewed the Renewed Motion to Intervene, the Response, the exhibits, the entire case file, and the applicable law and is sufficiently advised in the premises. For the reasons discussed below, the court denies the Motion to Intervene.

**I.     Background.**

Janke lives about 2,300 feet away from, and 700 below, Defendant Pathfinder's property that includes the Pathfinder Gravel Pit ("Pit").  The Pit is located on the side of a mountain at an elevation of approximately 9,400 feet.  Traversing Pathfinder's property is a penstock, or 30-inch pipe, which carries 30,000 gallons of water per minute from two lakes above the Pathfinder property to the Tacoma-Ames Power Plant below that is adjacent to Janke's residence.  Janke is concerned that Plaintiff Public Service Company of Colorado ("PSCo") is not adequately monitoring and preventing damage to the penstock caused by Pathfinder's trucks.  Janke is also concerned that a 2,208-foot section of the penstock that was replaced with fiberglass rather than steel is susceptible to more damage from construction in the area and trucks attempting to access the Pit.

PSCo is a Colorado corporation that provides electricity to ratepayers in the State of Colorado.  PSCo holds a license from the United States of America Federal Energy Regulatory Commission (FERC) for the Tacoma-Ames Hydroelectric Project.  FERC is the federal agency charged with supervising the safe and efficient operation of non-federal, hydro-power project facilities including the Tacoma-Ames Hydroelectric Project.  The Tacoma-Ames Hydroelectric Project includes the Lake Fork penstock. In 1996, PSCo entered into a License Agreement with Pathfinder to allow, at PSCo's discretion, Pathfinder's limited use of PSCo's Lake Fork penstock easements.

On December 31, 2002, Janke filed a complaint with FERC concerning the Tacoma-Ames Hydroelectric Project, alleging that PSCo violated the terms of its FERC

license with regard to the protection of the property and public safety in the construction, operation, and maintenance of the Lake Fork penstock. Janke requested that FERC direct PSCo to conduct various analyses for public safety reasons. Janke argues that it was this complaint with FERC, not any action by PSCo, that resulted in the April 16, 2003, FERC Order that PSCo now seeks to implement and enforce. Janke seeks intervention, *inter alia,* to enforce the FERC Order, to ensure protection of the penstock, and to protect his property from further damage.

On September 2, 2004, PSCo filed its Verified Complaint against the Defendants seeking to permanently enjoin Defendants from "authorizing, approving, or conducting any activities in the project boundary of the Tacoma-Ames Hydroelectric Project" that are the subject of FERC's April 16, 2003, Order and seeking declaratory judgment that FERC's April 16, 2003, Order preempts the development permits. On September 10, 2004, this court issued a Temporary Restraining Order ("TRO") that prohibits Defendant Pathfinder from heavy equipment and/or commercial activity within the Project and further prohibits the County from issuing, enforcing, or implementing any permits governing the operation of or access to the Lake Fork penstock and the Pit. The TRO remained in effective until January 31, 2005.

On September 27, 2004, Janke filed a Motion to Intervene pursuant to **FED. R. CIV. P. 24(a)(2)**, and his Verified Complaint against Plaintiff, Defendant County, and Defendant Pathfinder. Janke sought the following:

1. A declaratory judgment that the April 16, 2003, FERC Order preempts Defendant Pathfinder's development permits issued by the County;

    2.    To enjoin Defendant Pathfinder from "any work in the vicinity" of the Project;

    3.    To enjoin the County from "approving and issuing any further permits or permit amendments for work in the vicinity" of the Project "that are in conflict with the FERC Order, and until FERC has issued an order that the penstock can be safely operated pursuant to the conditions set forth in its Order of April 16, 2003"; and

    4.    To enjoin Plaintiff from settling or from "approving Pathfinder's proposed penstock crossing until: (a) PSCo [Plaintiff] has fully complied with the FERC Order, and specifically until PSCo has submitted the complete penstock inspection and the report addressing slope stability, and (b) PSCo has resolved its dispute with Pathfinder over their respective property interests."

On December 16, 2004, this court issued a Recommendation[1] [#40], recommending dismissal of the Motion to Intervene. On February 17, 2005, the court issued an Order [#57], adopting the Recommendation, and denying Petitioner's Motion to Intervene. On May 25, 2005, the court issued an Order [#69] granting in part and denying in part Plaintiff's Motion for Temporary Restraining Order and for Preliminary Injunction. Specifically, the court issued an order granting a preliminary injunction as to San Miguel, enjoining it from "issuing, enforcing, executing, or implementing permits

---

[1] However, the court now believes that it may issue an order, rather than a recommendation, for the reasons contained in this order.

4

issued to Pathfinder Development, Inc., and agreements with [Pathfinder] to the extent such permits and agreements regulate or purport to regulate the structure and integrity of the Lake Fork Penstock, or the stability of that portion of Pathfinder's property . . .". **Order Concerning Mtn. for Prelim. Inj., p. 20.** The court denied PSCo's request for injunctive relief as to Pathfinder. PSCo filed a Notice of Appeal, and San Miguel filed a Notice of Cross-Appeal. Both appeals are pending before the Tenth Circuit Court of Appeals.

Janke files his Renewed Motion to Intervene on the grounds that PSCo is not adequately representing Janke's interests and that his interests are being impaired and impeded by the decisions rendered in this case.

## II.     Non-Dispositive Motion.

Preliminarily, the court must determine whether Janke's Renewed Motion to Intervene is dispositive or non-dispositive. The jurisdiction and powers of magistrate judges are governed by **28 U.S.C. § 636**, and limited by the Constitution. **U.S. Const. art. III, § 1. 28 U.S.C. § 636(b)** establishes that magistrate judges may hear and determine any pretrial matters pending before the court, save for eight excepted, dispositive motions. Magistrate judges may issue orders as to non-dispositive pretrial matters. District courts review such orders under a "clearly erroneous or contrary to law" standard of review. **28 U.S.C. § 636(b)(1)(A)**. While magistrate judges may hear dispositive motions, they may only make proposed findings of fact and recommendations, and district courts must make *de novo* determinations as to those matters if a party objects to the magistrate's recommendations. *Id.* **§ 636(b)(1)(B) & ©.**

The Tenth Circuit Court of Appeals has provided guidance for determining whether a motion is dispositive or non-dispositive. In *Ocelot Oil Corp. v. Sparrow Industries,* the Tenth Circuit determined that the magistrate judge's order that imposed Rule 37 sanctions aimed at striking plaintiff's pleadings was dispositive, rather than non-dispositive. 847 F.2d 1458, 1461-63 (10th Cir. 1988). The court reasoned that although discovery is a pretrial matter, and magistrate judges have general authority to order discovery sanctions, they may not do so if those sanctions fall within the eight dispositive motions excepted. *Id.* The court considered the *res judicata* effect of the magistrate's order, and concluded that the involuntary dismissal of plaintiff's pleadings with prejudice effectively dismissed plaintiff's action. Thus, the court concluded that the magistrate judge's order constituted the involuntary dismissal of plaintiff's action within section 636(b)(1)(A), and was beyond the power of the magistrate judge. *Id.*

Here, denying Janke's Renewed Motion to Intervene has no similar *res judicata* effect on his future claims against either the Plaintiff or Defendants. Therefore, Janke's Renewed Motion to Intervene is non-dispositive, and the court issues the following order in accordance with this finding. *See, e.g., id.; see also, Rhodes v. Ohse,* 1998 WL 809510, *1 (N.D.N.Y. 1998) (noting that § 636(b)(1)(A) does not list motions to intervene as dispositive; therefore, a motion to intervene is non-dispositive); *U.S. v. W.R. Grace & Co.-Conn.*, 185 F.R.D. 184 (D.N.J.,1999) (noting that in the Third Circuit, a magistrate judge may hear and determine a motion to intervene, as a non-dispositive, pretrial motion, even without consent of parties); *U.S. v. Brooks*, 163 F.R.D. 601 (D. Or.,1995) (treating a motion to intervene as a non-dispositive pretrial ruling, reviewable under

clearly erroneous or contrary to law standard).

### III.     Motion For Intervention.

**FED. R. CIV. P.** 24(a) pertinently provides:

Upon timely application anyone shall be permitted to intervene in an action: ... (2) when the applicant claims an interest relating to the property or transaction which is the subject of the action and the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest, unless the applicant's interest is adequately represented by existing parties. **Fed.R.Civ.P. 24(a).**

Accordingly, an applicant may intervene as of right if:

(1) the application is "timely";

(2) "the applicant claims an interest relating to the property or transaction which is the subject of the action";

(3) the applicant's interest "may as a practical matter" be "impair [ed] or impede[d]"; and

(4) "the applicant's interest is [not] adequately represented by existing parties." ***Coalition of Arizona/New Mexico Counties for Stable Economic Growth v. Department of Interior*** ,100 F.3d 837, 840 (10th Cir. 1996).  As to the first element under Rule 24(a)(2), Plaintiff and Defendants do not dispute the timeliness of Janke's Motion to Intervene.

Here, Janke renews his motion for intervention claiming that his interests are inadequately represented by PSCo.  He claims that there is "credible evidence" – that PSCo ignored– that the land upon which Pathfinder is building its road is actually

owned by the United States government. As such, the land is within the authority of FERC to regulate and cannot be the subject of an easement. **Renewed Mtn. to Inter., p. 4.** Janke claims that had PSCo exercised reasonable diligence, it would have conducted a title examination, which would have revealed that the government was the owner of the land. Janke claims that he provided this information to PSCo, but that PSCo chose "to willfully disregard the title work." **Id., p. 4.** In conclusion, Janke argues that PSCo failed to diligently prosecute "their" claim and has compromised his interests, necessitating his intervention.

An applicant for intervention can meet the burden of providing inadequate representation by showing one of the following: collusion between the representative and opposing party, and interest of the representative that is adverse to the applicant, or failure of the representative in his duty to represent the applicant's interest. ***Sanguine, Ltd. v. U.S. Dept. of Interior,*** 736 F.2d 1416, 1419 (10th Cir. 1984). Janke basis his renewed motion on an alleged failure of representation.

The burden of showing inadequate representation is a minimal one. ***Trbovish v. United Mine Workers of America,*** 404, U.S. 528, 538, n. 10 (D. Colo. 1972) (noting that applicant for intervention need only show that representation of his interest "may be" inadequate). Inadequate representation can be shown if a representative is not diligent in prosecuting or defending a case. ***See e.g., McNeil v. Guthrie,*** 945 F.2d 1163, 1167 (10th Cir. 1991). When considering if a potential intervener's ability to protect his interests is being impaired or impeded, courts are not limited to a strict *res judicata* test. ***Natural Resources Defense Council, Inc. v. United States Nuclear***

***Reg'ty Comm'n,*** 578 F.2d 1341, 1345 (10th Cir. 1978).  The *stare decisis* effect of a district court's prior determination alone may warrant intervention.  ***Sierra Club v. Espy,*** 18 F.3d 1202, 1206 (5th Cir. 1994).

However, a "mere difference of opinion concerning the tactics with which litigation should be handled does not make inadequate the representation of those whose interests are identical with that of an existing party or who are formally represented in the lawsuit." **Wright, Miller & Kane,** *Federal Practice and Procedure: Civil 2d* § **1909, p. 344 (1986).**  A difference in opinion as to the handling of a case is insufficient to challenge the adequacy of representation.  ***See Bumgarner v. Ute Indian Tribe of Uintah & Ouray Res.,*** 417 F.2d 1305, 1308 (10th Cir. 1969).  "If disagreement with an existing party over trial strategy qualified as inadequate representation, the requirement of Rule 24 would have no meaning."  ***Jones v. Prince George's Cnty, Maryland,*** 348 F.3d 1014, 1020 (D.C. Cir. 2003).

As the sole basis for his claim that he is inadequately represented, Janke relies on PSCo's decision to not rely upon the land title report he allegedly provided to it. However, Janke does not suggest that the commonality of interest between PSCo and him– which this court already concluded exists– is now somehow eviscerated by PSCo's decision not to use the title report.  Indeed, PSCo continues to litigate this case with an eye towards enforcing the FERC order.  ***See, e.g., Sanguine,*** 736 F.2d at 1419 (finding representation inadequate when government essentially conceded the case at the outset, did not file responsive pleadings, called no witnesses at hearings, and made no significant arguments in opposition).  It sought and was granted a preliminary

9

injunction against San Miguel County.  It appealed that portion of the Order denying its request for a preliminary injunction against Pathfinder.  Janke has failed to show any difference in PSCo's current objectives and its prior objectives when the court initially considered Janke's request to intervene.  Further, Janke's claim that his interests will be impaired because of PSCo's alleged inadequate representation fails.  Janke's Renewed Motion to Intervene, provides no new evidence that would change this court's prior conclusions with respect to Janke's request to intervene in this matter.  Therefore, Janke's motion should be denied.

Accordingly, **IT IS ORDERED** that Janke's Renewed Motion to Intervene [#93], filed August 16, 2005, is **DENIED.**

**DATED** at Denver, Colorado, this 19th day of September, 2005.

BY THE COURT:

s/Craig B. Shaffer
Craig B. Shaffer
United States Magistrate Judge