IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn

Civil Case No.  04-cv-01828-REB-CBS

PUBLIC SERVICE COMPANY OF COLORADO,

    Plaintiff,

v.

THE BOARD OF COUNTY COMMISSIONERS OF SAN MIGUEL COUNTY, STATE OF COLORADO;
SAN MIGUEL COUNTY COMMISSIONERS ELAINE FISCHER, ART GOODTIMES AND VERNON EBERT, in their official capacities;
THE SAN MIGUEL COUNTY PLANNING DEPARTMENT, STATE OF COLORADO;
MICHAEL ROZYCKI, San Miguel County Planning Director, in his official capacity; and
PATHFINDER DEVELOPMENT, INC.,

    Defendants.
_____

**ORDER DENYING DEFENDANT PATHFINDER DEVELOPMENT, INC.'S
MOTION FOR AWARD OF COSTS AND SUPPORTING BRIEF**
_____

**Blackburn, J.**

The matter before me is **Defendant Pathfinder Development, Inc.'s Motion for Award of Costs and Supporting Brief** [#72], filed June 7, 2005.  By this motion, defendant seeks an award of costs associated with having successfully resisted plaintiff's request for the entry of a preliminary injunction in this matter.  (*See* Order Concerning Motion for Preliminary Injunction [#69], filed May 25, 2005.)  I deny the motion.

Defendant's motion is both procedurally and substantively infirm.  As a procedural matter, defendant held back the bulk of its substantive arguments in support

of its motion until its reply brief.  Courts do not consider issues raised for the first time in a reply brief.  *Liebau v. Columbia Casualty Co.*, 176 F.Supp.2d 1236, 1244 (D. Kan. 2001).  Similarly, it is inequitable and improper for a party, although raising the bare bones of an argument in its opening brief, to reserve a fully developed presentation of that argument for the reply, when the opposing party has no meaningful opportunity to respond.  Denial of the motion would be appropriate on this basis alone.

Yet even considering the substance of defendant's argument, I find that it does not merit an award of costs.  Defendant's motion is premised on Rule 54(d), which contemplates an award of costs to a "prevailing party."  **FED.R.CIV.P.** 54(d)(1).  "Prevailing party," a legal term of art, is defined as "'[a] party in whose favor a judgment is rendered, regardless of the amount of damages awarded . . .'" *Buckhannon Board and Care Home, Inc. v. West Virginia Department of Health and Human Resources*, 532 U.S. 598, 603, 121 S.Ct. 1835, 1839, 149 L.Ed.2d 855 (2001) (quoting **BLACK'S LAW DICTIONARY** at 1145 (7th ed. 1999)).  Nevertheless, this definition does not require a formal judgment in all circumstances,[1] and a party may be said to prevail when it achieves a "judicially sanctioned change in the legal relationship of the parties."  *Id.*, 121 S.Ct. at 1840.

Although some courts have granted prevailing party status on the basis of preliminary injunctions under that standard, those cases are easily distinguishable from

---

[1] I will assume for present purposes only that defendant's cases, which all involve motions for *attorney's fees* under 42 U.S.C. § 1988 or another federal statute, *not* interpretations of Rule 54, are applicable here.  *But see Friends for All Children, Inc. v. Lockheed Aircraft Corp.*, 725 F.2d 1392, 1398-99 (D.C. Cir. 1984) (finding that "the broad statutory interpretation of 'prevailing party' recently established in civil rights type cases should not properly be applied to the ordinary tort case where Rule 54(d) is controlling").

this one. The operative fact in those cases was not the mere fact that the party had obtained a preliminary injunction, but more importantly, that its case had been mooted by subsequent developments, effectively eliminating the chance for the preliminary relief to become final. *See, e.g.*, **Thomas v. National Science Foundation**, 330 F.3d 486, 493 (D.C. Cir. 2003); **Watson v. County of Riverside**, 300 F.3d 1092, 1095-96 (9th Cir. 2002), *cert. denied*, 123 S.Ct. 1574 (2003); **Taylor v. City of Fort Lauderdale**, 810 F.2d 1551, 1555 (11th Cir. 1987); **Rose v. Nebraska**, 748 F.2d 1258, 1260 (8th Cir. 1984), *cert. denied*, 106 S.Ct. 61 (1985); **Coalition for Basic Human Needs v. King**, 691 F.2d 597, 598 (1st Cir. 1982); **Bishop v. Committee on Professional Ethics and Conduct of Iowa Bar Association**, 686 F.2d 1278, 1291 (8th Cir. 1982); **Williams v. Alioto**, 625 F.2d 845, 847 (9th Cir. 1980), *cert. denied*, 101 S.Ct. 1723 (181); **Doe v. Marshall**, 622 F.2d 118, 120 (5th Cir. 1980), *cert. denied*, 101 S.Ct. 2336 (1981). *See also* **Select Milk Producers, Inc. v. Johanns**, 400 F.3d 939, 946-47  (D.C. Cir. 2005) (awarding fees under the EAJA where plaintiff's right to relief had become "concrete and irreversible").

Thus, in those cases, the operation of subsequent events in effect rendered the prevailing party's victory final and permanent. Such is not the case here, where defendant's right to relief has not coalesced into anything more than an interim victory, which might be erased either by the currently pending appeal of my ruling on the preliminary injunction or by a more final resolution of the issues in this case in this court. *See Watson*, 300 F.3d at 1096 ("[T]here will be occasions when the plaintiff scores an early victory by securing a preliminary injunction, then loses on the merits as

3

the case plays out and judgment is entered against him – a case of winning a battle but losing the war.  The plaintiff would not be a prevailing party in that circumstance."); **see also Doe v. Busbee**, 684 F.2d 1375, 1381-82 (11th Cir. 1982) (plaintiffs were not prevailing parties where, although they obtained preliminary injunction, subsequent Supreme Court rulings undercut legal underpinnings of district court's decision in that regard).

On a related note, the cases on which defendant relies do not neatly translate to the present circumstances because in those cases, it was the plaintiff who obtained injunctive relief.  Given that a movant's right to relief must be clear and unequivocal in order to justify such extraordinary relief, **see Federal Lands Legal Consortium ex rel. Robart Estate v. United States**, 195 F.3d 1190, 1194 (10th Cir. 1999), preliminary injunctions will be denied much more frequently than they will be granted.  Simply because a movant fails to meet the heightened standards required to impose such interim relief does not necessarily imply that it will be unable, following discovery and a more complete development of the record, to satisfy a fact-finder of the soundness of its position on a full presentation of the merits.  **See Smyth ex rel. Smyth v. Rivero**, 282 F.3d 268, 276-77 & n.8 (4th Cir.) (noting that the predictive nature of the likelihood of success prong of the preliminary injunction inquiry and the equitable considerations that inform the analysis "renders such relief an unhelpful guide to the legal determination of whether a party has prevailed"), **cert. denied**, 123 S.Ct. 112 (2002).

I thus find the motion for costs to be premature, at best.  Accordingly, it should be denied.

**THEREFORE, IT IS ORDERED** that **Defendant Pathfinder Development, Inc.'s Motion for Award of Costs and Supporting Brief** [#72], filed June 7, 2005, is **DENIED**.

Dated January 27, 2005, at Denver, Colorado.

                                        **BY THE COURT:**

                                        **s/ Robert E. Blackburn**
                                        **Robert E. Blackburn**
                                        **United States District Judge**